UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------ x
PAUL HAVILAND and CHRISTINE HAVILAND,  :
                    Plaintiffs,  :
                    - vs. -  :
BANKERS STANDARD INSURANCE  :
COMPANY and ACE PROPERTY AND  :
CASUALTY INSURANCE COMPANY,  :
                  Defendants.  :
------------------------------------ x

Case No.: 11-1604

## COMPLAINT

Plaintiffs, PAUL HAVILAND and CHRISTINE HAVILAND (collectively the "Havilands") as and for their complaint in this action against defendants, BANKERS STANDARD INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY (collectively "Defendants"), hereby allege as follows:

### PARTIES AND JURISDICTION

1.    Plaintiffs, Paul Haviland and Christine Haviland are individuals who currently reside at 128 Lily Pond Lane, East Hampton, New York 11937.

2.    On information and belief, defendant, Bankers Standard Insurance Company ("Bankers") is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106 and authorized to conduct business in the State of Connecticut.

3.      On information and belief, defendant, ACE Property and Casualty Insurance Company ("ACE") is a Pennsylvania corporation with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106 and authorized to conduct business in the State of Connecticut.

4.      Prior to May 9, 2011 and for all relevant time periods, the Havilands owned a single family house located at 1030 Lake Avenue, Greenwich, Connecticut 06831 ("Subject Property").

5.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

6.      The citizenship of the Havilands is diverse from that of Bankers and ACE (collectively "Defendants").

7.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs. The Havilands seek insurance coverage from Defendants for the cost to remove and rebuild/repair a collapsed patio and/or patio wall in an amount in excess of $100,000.00, which amount has already been paid by the Havilands for said removal and repairs.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to the claim occurred and/or the Subject Property is situated within the State of Connecticut.

**GENERAL ALLEGATIONS**

9.      On or around January 10, 2011, Defendants issued and/or renewed a platinum home insurance policy bearing policy number 267025238H and an umbrella insurance policy bearing number 267025238U to the Havilands (collectively "Insurance Policies") for the period commencing January 10, 2011 and concluding January 10, 2012.

10. The Insurance Policies provided various forms of insurance coverage for the Subject Property located at 1030 Lake Avenue, Greenwich, Connecticut.

11. The Insurance Policies provide coverage in an amount in excess of $8,000,000.00.

12. All premiums due on the Insurance Policies were paid in full by the Havilands

13. On or about March 7, 2011, after a severe rainstorm, the patio ("Patio") and/or wall of the patio ("Patio Wall") collapsed, which Patio Wall and Patio were part of the original building plans and the building.

14. The Havilands immediately reported the damage and submitted a claim to Defendants.

15. On March 7, 2011 and March 8, 2011, ACE sent LGI Forensic Group, Inc. ("LGI") to inspect the damage to the retaining wall.

16. On March 11, 2011, LGI issued a report of its finding to ACE. A copy of the report is attached hereto as **Exhibit A**.

17. On March 14, 2011, ACE issued a letter articulating the findings of their forensic investigation and denying the Havilands' claim. A copy of the letter is attached hereto as **Exhibit B**.

18. On or about March 15, 2011, the Havilands caused a letter to be issued disputing the denial of coverage. A copy of the letter is attached hereto as **Exhibit C**.

19. On March 28, 2011, ACE issued a letter reaffirming its original findings and denying coverage of the claim. A copy of the letter is attached hereto as **Exhibit D.**

20.     On or about April 12, 2011, the Havilands caused a letter to be issued further disputing the denial of coverage. A copy of the letter is attached hereto as **Exhibit E**.

21.     The Insurance Policies apply to property damage or physical loss at the Subject Property caused by an "occurrence" or "collapse" and taking place during the applicable coverage period of the Insurance Policies. In relevant part, the Insurance Polices define "collapse" as "an abrupt falling down or caving in of a building or any part of a building with the result that the building or part of the building cannot be occupied for its current intended purpose." The Insurance Policies define, in relevant part, "occurrence" as "an accident…which results…in property damage."

22.     The Connecticut Home Endorsement. Part I. Extra Benefits. 6 of the Insurance Policies state in relevant part "[w]e insure for direct physical loss to covered property involving collapse of a building or any part of a building if the collapse was caused only by one or more of the following: (1) Decay that is hidden from view, unless the presence of such decay is known to the insured person prior to collapse;…(4) Weight of rain or snow which collects on a roof;…(5) Use of defective material or methods in construction, remodeling or renovation."

23.     In or around 2000, the Havilands' house ("Building") was constructed. Upon information and belief, prior to construction of the Building, building plans ("Plans") were submitted to the Town of Greenwich for its approval. Upon information and belief, the Plans included, without limitation, the first floor detail and the masonry/elevation detail. The Plans show that the Patio and Patio Wall are connected to, and part of, the Building. The masonry/elevation detail shows the rear elevation of the Building and a continuous wall from one end of the main

portion of the house to the other end, including the Patio Wall.  The first floor detail shows the Patio as an integral part of the house and is the primary means of egress from the 'Gathering Room", "Solarium", and "Family Room".   The Patio and Patio Wall were designed, and built, to be part of the Building, not as accessory structures.

24. The claim by the Havilands against Defendants for reimbursement alleges property damage or property loss caused by an "occurrence" and/or "collapse" which took place during the period covered by the Insurance Policies.  The cost to remove and repair/replace the collapsed patio wall is property damage under the Insurance Policies.

25. Coverage under the Insurance Policies is triggered by the Haviland claims and Defendants have a duty to reimburse the Havilands for all costs and expenses incurred in connection with repairing the collapse of the Patio and the Patio Wall.

## CLAIM FOR RELIEF
## COUNT I – Declaratory Judgment

26. The Havilands repeat and restate the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. Defendants have a duty to reimburse the Havilands for the costs incurred and claims made in connection with the collapse of the Patio and Patio Wall.

28. The Insurance Policies apply to the claims of the Havilands.  The collapse of the Patio and Patio Wall resulted in "property damage" due to a "collapse" within the policy period under the Insurance Polices and Defendants are obligated to reimburse the Havilands for the cost to remove and repair/rebuild the Patio and Patio Wall.

5

## COUNT II– Breach of Contract

29. The Havilands repeat and restate the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. At all relevant times hereto the Insurance Policies were in full force and effect.

31. The damage to the Patio and Patio Wall is a covered loss as stated within the Insurance Policies.

32. The Havilands have complied with all conditions precedent to coverage and payment as contained with the Insurance Policies.

33. Defendants have refused to compensate the Havilands under the Insurance Policies and have, therefore, breached its contract.

34. As a direct and proximate result of the breached duties and subsequent denial of coverage by Defendants, the Havilands have incurred damages.

35. As a direct result of Defendants' actions, the Havilands have incurred damages, including, amongst other damages, the attorney's fees incurred in commencing this action.

## COUNT III – VIOLATIONS OF CUTPA AND CUIPA

36. The Havilands repeat and restate the allegations in paragraphs 1 through 36 as if fully set forth herein.

37. Defendants are in a business or trade that affects commence.

38. Upon information and belief, Defendants conduct in: (i) accepting the premiums of the Havilands; (ii) issuing the Insurance Polices which policies contain provisions for coverage for a "collapse"; (iii) failing to secure the Subject Property relative to the collapsed Patio and Patio Wall;

and (iv) denying coverage, constitute unfair and/or deceptive acts or practices in the conduct of trades and/or commerce.

39. By the aforesaid conduct, Defendants neglected and/or refused to fulfill its contractual obligations to the Havilands and said neglect and/or refusal was not prompted by an honest mistake as to its rights and duties but by its own self-interest.

40. The aforesaid conduct also constitutes a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), §§ 42-110a et seq. and the Connecticut Unfair Insurance Practices Act ("CUIPA"), §§ 38a-815 et seq. in that its actions were immoral, oppressive or unscrupulous and caused substantial injury and ascertainable losses to the Havilands, including but not limited to, attorneys' fees and costs.

41. By reason of the foregoing, the insured seeks a declaration that Defendant has committed bad faith.

## RELIEF REQUESTED

**WHEREFORE**, the Havilands respectfully request the following relief against Defendants:

1. Judgment declaring that Defendants have a duty to reimburse the Havilands for the claims made by the Havilands in connection with the collapse of the Patio and Patio Wall;

2. Monetary Damages;

3. Interest and costs;

4. Punitive damages pursuant to *C.G.S.* § 42-110(a) *et seq.*;

5. Attorneys' fees pursuant to *C.G.S.* § 42-110(a) *et seq.*;

6. Judgment Declaring that Defendants are in breach of their contract of insurance; and

7. Such other and further relief as this Court may deem just and proper.

Dated: October 18, 2011
       Greenwich, Connecticut

IVEY, BARNUM & O'MARA, LLC

By:    */s/ Stephen G. Walko*
Stephen G. Walko, Esq. [ct26744]
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9462
E-Mail: swalko@ibolaw.com
*Attorneys for Plaintiffs*
*Paul & Christine Haviland*